UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON HILL, | 1: 08 CV 0092 OWW WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 9] |
| JAMES E. TILTON, SECRETARY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

**FACTUAL BACKGROUND**

On September 6, 2006, a disciplinary report was prepared charging Petitioner with refusing to obey a direct order. Petitioner was found guilty of the offense and was assessed a credit forfeiture of thirty days.

On September 9, 2005, a disciplinary report was prepared charging Petitioner with obstructing a peace officer in the performance of his duties during a cell extraction. Petitioner was

found guilty of the offense and was assessed a credit forfeiture of 90 days.  However, the forfeited credits were later restored.

Petitioner challenged the disposition of the two disciplinary actions administratively.  The appeal was denied at the Director's level, the final level of the administrative review process, on July 7, 2006.

Petitioner filed a petition for writ of habeas corpus in Fresno County Superior Court on September 4, 2007, challenging the two disciplinary actions.  The court denied the petition on September 25, 2007.  Petitioner subsequently filed a petition for writ of habeas corpus in both the California Court of Appeal, Fifth Appellate District, and the California Supreme Court, both of which the courts denied.  Petitioner filed the present petition in this court on January 18, 2008.

**LEGAL STANDARDS**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the disciplinary proceedings challenged arise out of Pleasant Valley State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

1    This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss this petition on the grounds that it is barred by the statute of

limitations and that Petitioner's claims do not provide a basis for habeas corpus relief.  Petitioner opposes the petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

>    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, Respondent argues that the statute of limitations began running on July 8, 2006, the day after the Director's Level denied Petitioner's administrative appeal on July 7, 2006. Respondent argues that this was the date that Petitioner was aware or could have been aware of the factual predicate of his claim under 28 U.S.C. § 2244(d)(1)(D), as the Director's Level decision marked the conclusion of Petitioner's administrative appeal process. Cal. Code Reg. tit. 15, § 3084.1(a).  See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004)(AEDPA limitation period begins running the day after the denial of an administrative appeal).  Respondent concludes that absent statutory tolling, Petitioner had until July 8, 2007, to timely file a federal petition.

Petitioner did not file his first petition for writ of habeas corpus in the state court until September 4, 2007.  Respondent argues that by that date, the statute of limitations had already expired.  Respondent argues that the filing of a state petition after the expiration of the limitations period does not toll the statute of limitations and that the present petition, filled on January 18, 2008, was therefore untimely.

In this case, the court finds that the statute of limitations began running on July 8, 2006, the day after the Director's Level denied Petitioner's administrative appeal on July 7, 2006.  The court agrees with Respondent that this was the date that Petitioner was aware or could have been aware of the factual predicate of his claim under 28 U.S.C. § 2244(d)(1)(D).  Therefore, the court further finds that absent tolling, the statute of limitations expired in this case on July 7, 2007.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See, id.

1  (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,
2  1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a
3  petitioner is preparing his petition to file at the next appellate level reinforces the need to present all
4  claims to the state courts first and will prevent the premature filing of federal petitions out of concern
5  that the limitation period will end before all claims can be presented to the state supreme court.  Id.
6  at 1005.

7  Petitioner did not file his first petition for writ of habeas corpus in the state court until
8  September 4, 2007, approximately two months after the limitations period expired.  A collateral
9  challenge filed after the limitations period has expired has no tolling consequence.  Green v. White,
10 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period
11 has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002
12 WL 1346354 (N.D.Cal.2002).  Accordingly, the court concludes that Petitioner is not entitled to
13 statutory tolling in regard to his present federal petition.

14 The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a
15 prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.
16 Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107
17 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v.
18 United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds*
19 *by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that
20 "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if
21 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on
22 time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to
23 file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.
24 Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at
25 1288-1289.

26 In his opposition to the motion to dismiss, Petitioner argues that he is entitled to equitable
27
28

tolling because circumstances beyond his control prevented him from being able to obtain his own legal files. Specifically, Petitioner claims that he was placed into administrative segregation on August 15, 2006, and not released until February 1, 2007. Petitioner further claims that despite repeated requests to prison guards to be provided with his legal files, he was never provided with his legal materials for the five and one-half months he was in administrative segregation. He argues that because he was deprived of his legal materials, he was deprived of his right to access to the courts.

The burden of demonstrating that extraordinary circumstances exist lies with the petitioner. United States v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999). In this case, the court finds that Petitioner has not met that burden. First, as Respondent argues, Petitioner has not demonstrated that he attempted to seek administrative remedies when he was allegedly deprived of his legal materials while in administrative segregation. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) Second, although Petitioner claims that he was deprived of access to his legal materials from August 15, 2006, until February 1, 2007, he provides no explanation for why he could not prepare his first state habeas corpus petition between February 1, 2007, and July 7, 2007, the date the statute of limitations expired. See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir.2001) (holding that, in order to support a finding of "extraordinary circumstances" sufficient to warrant equitable tolling, the petitioner must show that the circumstances were the "but-for and proximate cause of his untimeliness"). The court finds, therefore, that Petitioner is not entitled to equitable tolling of the statute of limitations in this case.

In light of all of the above, the court concludes that the present petition for writ of habeas corpus is untimely and is barred by the statute of limitations. The court therefore finds it unnecessary to address Respondent's argument that Petitioner's claims do not provide a basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) that Respondent's motion to dismiss be GRANTED;
2) that this petition for writ of habeas corpus be DISMISSED as barred by statute of limitations;
3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this

1     case.

2         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 17, 2008**                 **/s/  William M. Wunderlich**
                                                      UNITED STATES MAGISTRATE JUDGE